UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LORUHAMAH EVE COLLINS

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY

CIVIL ACTION

NUMBER 13-50-JJB-SCR

**<u>NOTICE</u>**

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

 In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Baton Rouge, Louisiana, February 24, 2015.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LORUHAMAH EVE COLLINS

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY

CIVIL ACTION

NUMBER 13-50-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Loruhamah Eve Collins this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") denying her applications for disability insurance and supplemental security income benefits ("SSI").

Based on a careful review of the entire administrative record as a whole, the standard of judicial review under § 405(g) and the analysis that follows, the Commissioner's decision should be reversed and remanded.

**Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v.*

*Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th

Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. §§ 404.1520; 416.920. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations;[1] (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through

---

[1] Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §§ 404.1525; 416.925.

the first four steps.  At the fourth step the Commissioner analyzes whether the claimant can do any of her past relevant work.  If the claimant shows at step four that she is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra.  If the Commissioner meets this burden the claimant must then show that she cannot in fact perform that work.  *Boyd*, 239 F.3d at 705.

**Background and Claims of Error**

Plaintiff was 28 years old at the time of the administrative law judge's ("ALJ") decision.[2]  Plaintiff completed the 11th grade, and also completed a personal care assistant training course. Plaintiff's past employment consisted of work as a cashier, customer sales representative, hairstylist and home health care personal care assistant.  AR pp. 117-20, 124-39, 153. In her applications for disability and SSI benefits filed in October 2010, the plaintiff alleged that she became disabled and no longer able to work beginning on September 5, 2010 when she sustained second and third degree burns to ten percent of her body, involving both hands and both lower extremities.  These burns resulted in the plaintiff undergoing surgery for skin grafts on September 17, 2010.

---

[2] Plaintiff's age placed her in the category of "younger person."  20 C.F.R. §§ 404.1563(c); 416.963(c)

Thereafter, the plaintiff underwent several months of physical therapy. AR pp. 188-215, 284-323.

After her application was denied at the initial administrative stages, the plaintiff requested an ALJ hearing after which the ALJ issued an unfavorable decision. AR pp. 12-72. The ALJ first considered the plaintiff's work after the alleged onset of her disability, and determined that this work activity did not meet the level of substantial gainful activity. AR pp. 14, 33, 36-38. The ALJ then made a finding that the plaintiff had the following medically determinable impairments: second degree burns of the hands and legs, depression, anxiety and asthma. At the second step the ALJ considered the evidence relevant to these impairments and made the following finding:

> The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*

Thus, the ALJ found the plaintiff was not disabled at the second step and terminated her analysis and did not consider or make any findings under steps three (listing of impairments), four (ability to do past relevant work), or five (ability to perform other work in the national economy).[3] AR p. 14-19.

---

[3] Plaintiff exhausted her administrative remedies before filing this action for judicial review. The ALJ's decision is the Commissioner's final decision for purposes of judicial review.

Plaintiff argued that under sentence four of § 405(g) several errors at the administrative level require reversal and remand for reevaluation of her disability claim: (1) the ALJ referred to the standard announced in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), but failed to comply with the substantive requirements of *Stone*; (2) despite the existence of objective medical evidence that could reasonably be expected to produce the symptoms she complained of, the ALJ improperly rejected them and found her not fully credible; and, (3) without good cause and without giving good reasons, the Appeals Council acted contrary to the law and regulations by rejecting restrictions assessed by treating physician Dr. Jeffrey C. Littleton. AR pp. 1-4, 327.

**Analysis**

Based on review of the ALJ's decision and the record as a whole, the plaintiff's first claim of error has merit and requires reversal and remand to the Commissioner.

In *Stone v. Heckler*, the court addressed a case in which a decisive administrative determination was made against disability at step two on the ground of non-severity by applying a literal reading of the "severity" or "significant limitation" regulation.[4]

---

[4] The regulations define a severe impairment as follows: "You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work

6

The court held out that the regulation must be construed as setting forth the following standard in determining whether a claimant's impairment is severe: "'[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.'" *Stone*, 752 F.2d at 1101 (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir.1984) and citing *Martin v. Heckler*, 748 F.2d 1027, 1032 (5th Cir.1984); *Davis v. Heckler*, 748 F.2d 293, 296 (5th Cir.1984)). In *Stone* the court explained that this standard was adopted because a literal application of the regulation would be inconsistent with the Act and its legislative history. It would include far fewer conditions than the statute indicated, so as to systematically deny benefits to statutorily eligible claimants. *Stone*, 752 F.2d at 1104-05. To ensure adherence to its interpretation of the severity regulation, the court also held that in the future it would assume that the ALJ and the Appeals Council have applied an incorrect standard to the severity requirement, unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction the court gives to the regulation is used. *Stone*, 752 F.2d at 1106; *Loza v. Apfel* 219 F.3d 378, 390-391 (5th Cir. 2000).

---

experience." 20 C.F.R. §§ 404.1520(c); 416.920(c).

7

Essentially for the reasons explained in the plaintiff's memoranda,[5] the claim of error raised by the plaintiff at the second step under *Stone v. Heckler* has merit and requires reversal and remand under § 405(g). Review of the administrative record as a whole and the ALJ's decision shows that although the ALJ cited the *Stone* decision and standard in her written decision, when making her finding at step two the ALJ cited the language of the regulation rather than the non-severity language of *Stone*. Thus, the ALJ was aware of *Stone*, but it is impossible to tell from the ALJ's analysis and findings whether she applied the regulatory "significantly limits" standard, or the correct "slight abnormality" and "minimal effect" rule of *Stone* to her evaluation of the plaintiff's impairments. AR pp. 13-15, 19.

The Commissioner did not even address these inconsistencies in the ALJ's written decision, or attempt to explain how despite these inconsistencies, it is possible to tell what legal standard the ALJ actually applied. The Commissioner merely asserted that the ALJ cited to *Stone*, and therefore the argument that the ALJ applied an incorrect standard at the second step had no merit.

The argument that the mere citation to the *Stone* decision shows that the ALJ applied the correct severity standard is unpersuasive in the context of this case. Despite the citation to

---

[5] Record document number 11, Plaintiff's Memorandum in Support of Appeal, pp. 5-6.

*Stone,* each time the ALJ stated the specific finding at step two she did not cite *Stone* or the case's language defining the standard, but instead stated the language from the regulation, which is the incorrect standard.

Because the Commissioner terminated the analysis at step two with a finding of non-disability based on the non-severity of the plaintiff's impairments, and the court is unable to discern whether the ALJ applied the correct legal standard to make this determination, reversal and remand is necessary. Resolving the ambiguity in the ALJ's decision and determining whether the Commissioner used the proper legal standard in this case can only be resolved at the administrative level.[6]

Insofar as the plaintiff argued that other errors also require reversal of the ALJ's decision, the plaintiff may pursue her arguments related to these claims of error in the administrative proceedings on remand.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that, under sentence four of 42 U.S.C. § 405(g), the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying the applications for disability insurance and supplemental security

---

[6] *See*, *Collison v. Astrue*, 2008 WL 4450278 (W.D.La., Sept. 29, 2008); *Neal v. Commissioner of Social Sec. Admin.*, 2009 WL 3856662 (N.D.Tex., November 16, 2009).

income benefits ("SSI") by plaintiff Loruhamah Eve Collins be reversed, and that this case be remanded to the Commissioner for reevaluation of the plaintiff's claim for benefits under the proper legal standards.

Baton Rouge, Louisiana, February 24, 2015.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE